JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03976-RGK (SSx) | Date | May 25, 2012 |
|---|---|---|---|
| Title | DAVID R. MIRANDA v. NATIONAL COLLEGIATE TRUST et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Remanding Case to State Court**

On April 6, 2012, David Miranda ("Plaintiff") appearing pro se filed the present Complaint in Superior Court for Los Angeles County against National Collegiate Trust and twelve other corporate entities (collectively, "Defendants"). On May 7, 2012 Citibank, one of the Defendants, removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Citibank argues that removal was both timely and otherwise proper as it had not yet been served with the Complaint, nor had any of the other Defendants.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Citibank argues that removal is proper as Plaintiff's Complaint arises under federal law in that Plaintiff alleges that Defendants have violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq. However, a close read of Plaintiff's Complaint confirms that Plaintiff seeks relief for violations of state law only. Plaintiff's five claims are for violation of California Civil Code § 1785.25(a), breach of contract, rescission, and injunctive relief. Plaintiff has not formally alleged a violation of any federal law, nor does the general spirit of Plaintiff's Complaint invoke federal remedies. Plaintiff's occasional citations and references to TILA are not enough to confer federal jurisdiction in this case.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the


Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |